UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re OLGA MARTINEZ, | Case No. 14-cv-01998-YGR (PR)<br><br>**ORDER GRANTING REQUEST FOR EXTENSION OF TIME FOR PETITIONER TO FILE HER PETITION AND TO PAY THE FILING FEE OR FILE *IN FORMA PAUPERIS* APPLICATION**<br><br>(Dkt. 10) |

On April 30, 2014, Petitioner, a state prisoner, filed a document with the Court in the instant case, which was opened as a habeas corpus action and assigned to Magistrate Judge Laurel Beeler. On the same day the action was filed, the Clerk of the Court sent a notice to Petitioner informing her that her action could not go forward until she filed with the Court a 28 U.S.C. § 2254 habeas petition form, completed in full, within twenty-eight days or her action would be dismissed. The Clerk also sent Petitioner a notice directing her to pay the requisite $5.00 filing fee or to file a completed *in forma pauperis* ("IFP") application.[1]

On May 9, 2014, the aforementioned notices were returned as undeliverable. On May 12, 2014, they were re-sent to Petitioner at her new address.

On June 16, 2014, this matter was reassigned to the undersigned Judge.

Before the Court is Petitioner's motion for an extension of time to file her IFP application. Dkt. 10. The Court also construes her motion as a request for an extension of time to file her petition.

Good cause appearing, the motion is GRANTED. Petitioner shall file her petition and IFP application no later than **August 8, 2014.** If Petitioner fails to do so by the aforementioned deadline, this case will be closed for failure to prosecute under Rule 41(b) of the Federal Rules of

---

[1] The Court cannot conduct an initial review of this matter until Petitioner has either paid the filing fee or completed an IFP application. *See* 28 U.S.C. § 1915(a) (a party is permitted to file a civil action in federal court without prepayment of fees or security if she makes affidavit that she is unable to pay such fees or give security therefor).

Civil Procedure. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962) (pursuant to Rule 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order); *see also Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

The Clerk shall send Petitioner a blank habeas petition form and a prisoner IFP application form along with her copy of this Order.

This Order terminates Docket No. 10.

**IT IS SO ORDERED.**

Dated:  July 9, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Judge

P:\PRO-SE\YGR\HC.14\Martinez1998.GrantEOTpet&IFP.docx

2